UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAIM YUZARY,

                Petitioner,        04 Civ. 2809 (RPP)
                                                96 Cr. 967 (RPP)
    -  against -

                                                **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      By motion dated May 3, 2005, Haim Yuzary, represented by counsel, moves pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 59(e) to alter or amend judgment. Yuzary's motion requests that the Court reconsider its earlier dismissal without a hearing of Yuzary's petition for relief for ineffective assistance of counsel under 28 U.S.C. § 2255. For the reasons set forth below, Yuzary's motion is denied.

**BACKGROUND**

      On June 13, 1997, a jury convicted Yuzary of conspiracy to commit money laundering in violation of 18 U.S.C. § 371 and money laundering in violation of 18 U.S.C. § 1956(a)(2)(B). In August 1997, new counsel appeared for Yuzary and requested that sentencing be adjourned so that a factual investigation could be conducted. The application was granted. On February 28, 2000, Yuzary moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, which this Court denied on May 24, 2000. United States v. Yuzary, No. 96 Cr. 967 (RPP), U.S. Dist. LEXIS 7106 (S.D.N.Y. May 24, 2000). On September 15, 2000, Yuzary was sentenced to 120 months in prison and 36 months of supervised release, fined $250,000 and assessed $100, and

judgment was entered. The Second Circuit Court of Appeals affirmed his conviction on August 21, 2001. United States v. Yuzary, 17 Fed. Appx. 43 (2d Cir. 2001).

On April 13, 2004, Yuzary filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence of 120 months' imprisonment to be followed by 36 months' supervised release. This Court denied Yuzary's motion as untimely under the one-year filing limitation established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The one-year period during which Yuzary could have filed a motion pursuant to 28 U.S.C. § 2255 began on November 19, 2001 and ended on November 19, 2002 and Yuzary did not file the motion to vacate within that time. This Court found that Yuzary's arguments for statutory and equitable tolling were without merit because the existence of unfavorable case law did not constitute "extraordinary circumstances" that prevented him from filing his petition on time. Moreover, the Court held that even assuming Yuzary's motion was timely, his claims of ineffective assistance of counsel were without merit. Therefore, the Court denied Yuzary's petition. United States v. Yuzary, 2005 U.S. Dist. LEXIS 6821, 2005 WL 926909 (April 25, 2005).

**DISCUSSION**

In the instant motion, Yuzary asserts that he is entitled to equitable tolling because the Rule 33 motion for a new trial filed by his counsel on February 28, 2000 also requested that, in the alternative, the motion be treated as a § 2255 motion. (Motion Pursuant to Rule 59(e) F.R.CIV.P. with Incorporated Memorandum of Law "Yuzary Motion," 2.) Footnote 2 on page 22 of the Rule 33 motion stated, "We request that if the court concludes that the application is more properly brought as a § 2255 petition that the

2

court construe the application as a § 2255 petition." The Yuzary Motion states that "[t]he district court did not make a response to this request. It may be that the footnote was overlooked." (Id.)

The Court lacked jurisdiction to construe Yuzary's Rule 33 motion as a § 2255 petition because Yuzary was not in custody on a sentence imposed by the Court at the time his petition was filed. Title 28 U.S.C. § 2255 states in pertinent part:

> A prisoner *in custody under sentence of a court* established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(2005) (emphasis added).

"In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." Scanio v. U.S., 37 F.3d 858, 860 (2d Cir. 1994) (citing U.S. v. Brilliant, 274 F.2d 618, 620 (2d Cir. 1960), cert. denied 363 U.S. 806 (1960)). In the instant case, however, Yuzary moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on February 28, 2000 but was not sentenced until September 15, 2000. Thus, Yuzary was not in custody under sentence of a court when he filed his Rule 33 Motion because there was no final judgment and Yuzary had not yet been sentenced.

In Yuzary's Response to Government's Opposition to His Motion Pursuant to Rule 59(e) F.R.Civ.P. ("Yuzary Response"), Yuzary argues on page 2 that "[t]he district court did not address the footnote [Footnote 2 of the Rule 33

3

motion] when it ruled on the Rule 33 motion. The oversight entitles Mr. Yuzary to equitable tolling." Yuzary is not entitled to equitable tolling because even if this Court did not directly address Footnote 2 in its Opinion and Order dated April 25, 2005, this Court did not have jurisdiction over a § 2255 petition by Yuzary, as he was not in custody under sentence of a Court at the time of his application.

Yuzary's motion also claims that the district court abused its discretion in deciding Yuzary's claim of ineffective assistance of counsel based on the affidavit of prior counsel without holding an evidentiary hearing. (Yuzary Motion, 3-4.) However, this Court did not abuse its discretion in deciding not to hold a hearing on claims that the Court determined were time-barred. This Court did not have to address the merits of Yuzary's ineffectiveness assistance of counsel claims because his § 2255 petition was not timely filed.

## CONCLUSION

For the foregoing reasons, Yuzary's motion pursuant to FRCP Rule 59(e) to alter or amend judgment is denied.

IT IS SO ORDERED.

Dated: New York, New York
January 10, 2006

Robert P. Patterson, Jr.
U.S.D.J.

4

**Copies of this Opinion and Order sent to:**

Attorney for Petitioner

Cheryl J. Sturm, Esq.
387 Ring Road
Chadds Ford, PA 19317
Tel: 484-771-2000
Fax: 484-771-2008


Michael J. Garcia, U.S. Attorney
Southern District of New York
ATTN: Lynn A. Neils, A.U.S.A.
One St. Andrew's Plaza
New York, NY 10007
Tel: 212-637-2544
Fax: 212-637-2620